BROWN BROS. HOME CENTER, INC., a Montana corporation; Earl W. Brown and Eln'n Marie Brown, Husband and wife, Plaintiffs,

v.

FIRST NATIONAL BANK IN BOZEMAN, and Charles L. Newland, Defendants.

Dave WHITING, Plaintiff,

v.

FIRST NATIONAL BANK IN BOZEMAN, Bozeman, Montana, Defendant.

Nos. CV–81–38–Bu, CV–81–39–Bu.

United States District Court, D. Montana, Butte Division.

June 9, 1981.

McKinley Anderson, Bozeman, Mont., for plaintiffs.

Gough, Shanahan, Johnson & Waterman, Helena, Mont., and Berg, Coil, Stokes & Tollefsen, Bozeman, Mont., for defendants.

## MEMORANDUM and ORDER

WILLIAM D. MURRAY, Senior District Judge.

### INTRODUCTION

The two above entitled actions are before the court on motions to remand by defendants pursuant to 28 U.S.C. § 1446. While the cases have not been consolidated and are factually quite different, they involve identical issues on the motions to remand. Counsel for the parties are the same in both cases. For these reasons, the court will address both cases in this memorandum.

### FACTS

#### *Brown Bros. v. First National Bank*

Plaintiffs are Earl and Eln'n Marie Brown, husband and wife and residents of Montana, and Brown Bros. Home Center, Inc., a Montana corporation. Defendants are First National Bank in Bozeman, a Montana corporation, and Charles Newland, a Montana resident and an officer and employee of defendant bank.

Plaintiffs' complaint, in simple terms, involves a dispute over the proper rate of interest charged by the bank on an SBA guaranteed loan. Plaintiffs entitle their action as "complaint for reformation; breach of contract; misrepresentation; fraud; breach of duty; declaratory judgment." There are no allegations in the complaint that any United States statute was violated nor that any constitutional rights of plaintiffs were violated.

#### *Whiting v. First National Bank*

Plaintiff, a Montana resident, was hired as a janitor for the defendant bank in May of 1979. On January 21, 1981, defendant fired plaintiff citing a federal statute, 12 U.S.C. § 1829, that prohibits an FDIC insured bank, such as defendant, from employing a person who has been "convicted of any criminal offense involving dishonesty or breach of trust."

Plaintiff contends that his "conviction" for burglary in 1976 was not a final conviction since imposition of sentence was delayed. Plaintiff contends "that under the laws of the State of Montana and the statutes of the United States, an order delaying the imposition of sentence is not a conviction as that term is used" in 12 U.S.C. § 1829.

Because of the defendant's actions, plaintiff claims that he has been damaged both monetarily and psychologically and seeks damages totalling $1.2 million, including an astonishing claim for $320,000 in lost wages for the period beginning in January of 1981.

### THE REMOVAL ISSUES

It is important to discuss certain general principles of removal jurisdiction at the outset. Generally, removal jurisdiction is equated with original jurisdiction. That is, if the case could originally have been brought in federal court, it may be removed, at defendant's option, from state court.[1] 28 U.S.C. § 1441(a). See the discussion of removal principles in 14 Wright, Miller & Cooper, *Federal Practice and Procedure* §§ 3721–3740. The question, then, is whether this court would have original jurisdiction such that the cases at bar are removable pursuant to 28 U.S.C. § 1441.

#### *The effect of 12 U.S.C. § 94*

Defendants rely on 12 U.S.C. § 94 to establish the original jurisdiction of the federal court. That statute states:

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the

---

1. In certain cases plaintiff is given an absolute choice of forum. That is, once commenced in state court the case may not be removed by

defendant. Those types of actions are discussed in 14 Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3729.

United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Defendants cite no other federal statutes upon which federal jurisdiction may be based. They would apparently argue that by virtue of 12 U.S.C. § 94, the federal courts have jurisdiction over any case in which a national bank is involved. This contention is erroneous. It is apparent that 12 U.S.C. § 94 is a venue statute. The first clue that such is the case can be gleaned from the title of that statute which is "Venue of suits."

This court's research discloses that the cases consistently discuss 12 U.S.C. § 94 as a venue statute controlling where an action may be properly maintained. The underlying assumption in those cases is that jurisdictional requisites are otherwise satisfied. Such is the case in *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). It is entirely clear that 12 U.S.C. § 94 is by no one regarded as a grant of jurisdiction not otherwise established. While no case has been found clearly so stating, the reason is quite likely that no court has had occasion to state the obvious.

The application of 12 U.S.C. § 94 as a venue statute, not a jurisdictional statute, is addressed in 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3813 at 81, where the authors state "[t]hus *if federal jurisdiction exists*, a national bank can be sued in federal court but only in the district in which the bank is 'established.'" (Emphasis added.) It is apparent from the above that 12 U.S.C. § 94 is simply not regarded as a grant of jurisdiction to the federal courts. This court's jurisdiction must be otherwise established. Defendants have failed to address this question or to otherwise raise any independent grounds to support federal jurisdiction. The court will undertake that task.

*Other jurisdictional grounds*

There are three grounds upon which this court's jurisdiction might be invoked. First, the particular grant of jurisdiction in 28 U.S.C. § 1348, which is not applicable to either of the cases here. Second, diversity of citizenship, 28 U.S.C. § 1332, which also is not present here. And, finally, that type of jurisdiction commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. It is necessary to examine the complaint and the facts stated in the petition for removal to determine if a basis for federal question jurisdiction may be found. 14 Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3734.

The first point that must be addressed is what may be an assumption on the part of defendants. That is, that because this suit is brought against a national bank that the federal courts automatically have original jurisdiction. This is clearly not so. As noted above, there is a federal statute, 28 U.S.C. § 1348, which grants federal courts jurisdiction over certain lawsuits involving national banks. That statute is inapplicable here. Furthermore, "it is universally accepted that [28 U.S.C. § 1348] still means that federal question jurisdiction does not exist merely because a national bank is a party." *Burns v. American Natl. Bank*, 479 F.2d 26 (8th Cir. 1973); *First Natl. Bank of Aberdeen v. Aberdeen Natl. Bank*, 471 F.Supp. 460 (D.S.D.1979).

This brings us to an examination of the factual basis of each of the cases at bar to determine if either case "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). Such an examination is undertaken below.

*Brown Bros. Home Center v. First National Bank*

This case is entirely based on Montana common and statutory law governing contracts. The complaint itself is entitled "Complaint for reformation; breach of contract; misrepresentation; fraud; breach of duty; declaratory judgment." No federal statutes are cited and there is no allegation that any constitutional rights of plaintiff were violated. The complaint is grounded

solely in Montana law, and is not one over which this court would have original jurisdiction. For that reason, plaintiffs' motion for remand will be granted.

### Whiting v. First National Bank

This is an action for wrongful discharge of an employee, the plaintiff. The complaint sounds entirely in tort and is grounded in Montana law. The only issue that must be examined is the effect of the bank's allegedly wrongful reliance on a federal statute, 12 U.S.C. § 1829, to discharge plaintiff from his employment as a janitor. A central issue in the lawsuit will be whether delayed imposition of sentence following plaintiff's plea of guilty to burglary in state court is a "conviction" as that term is used in 12 U.S.C. § 1829. Quite obviously, the issue involves a construction of the term "conviction." For jurisdictional purposes, the question is whether construction of that term in the federal statute raises a "federal question" sufficient to invoke this court's jurisdiction. I hold that it does not.

There are no federal cases construing the term "conviction" as used in 12 U.S.C. § 1829. The legislative history gives no clue as the meaning Congress intended. See 1950 U.S.Code Cong.Service 3765, 3775. It seems to me likely, however, that Congress intended state law interpretation of the term "conviction" to apply, especially when the concern is with a conviction for violation of a state law.

There being no federal question jurisdiction, this case will also be remanded.

The motions to remand of the plaintiffs in each of the above entitled causes having been submitted to the court on briefs, and the court having considered said motions and said briefs, and it appearing to the court that the above entitled causes and each of them, were improvidently and improperly removed from the District Court of the Eighteenth Judicial District of the State of Montana, in and for the County of Gallatin, to this court,

IT IS ORDERED and this does order that the above entitled causes, and each of them, be and the same hereby are remanded to the District Court of the Eighteenth Judicial District of the State of Montana, in and for the County of Gallatin, from whence each of them came, for all further proceedings.

IT IS FURTHER ORDERED that the Clerk of this court forthwith mail a certified copy of this order to the Clerk of the District Court of the Eighteenth Judicial District of the State of Montana in and for the County of Gallatin, for each case, and notify the attorneys of record for the respective parties of the making of this order.